UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
     v.                            )    Cr. No. 12-006 WES
                                   )
JAMES W. SNOKE                     )
_____)

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Defendant James W. Snoke has filed a motion to request correction of error (ECF No. 39) ("Motion to Request Correction") and an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (ECF No. 44) ("Amended Motion to Vacate") in the above matter. The Government has filed a response (ECF No. 45) ("Gov't Resp."). For the reasons that follow, the Motion to Request Correction is denied as moot and the Amended Motion to Vacate is denied and dismissed.

I.  Background and Travel[1]

After having pled guilty to one count of bank robbery, in violation of 18 U.S.C. § 2113(a), Snoke was sentenced on March 18, 2013, to 151 months' imprisonment, to run consecutive to a six-month term for a violation of supervised release in an earlier case, followed by one year of supervised release. A special

---

[1] The background and travel are taken primarily from the Court's Docket.

assessment and restitution were also imposed. Judgment entered on March 26, 2013.

On June 14, 2016, Snoke, proceeding pro se, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255[2] (ECF No. 30) based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). That motion was followed on June 24, 2016, by a counseled supplemental motion to vacate (ECF No. 32). By Order of Court dated June 29, 2016 (ECF No. 34), the matter was held in abeyance pending clarification of the applicability of Johnson to Snoke's motion. On March 17, 2017, Snoke, through counsel, filed a motion to dismiss (ECF No. 38) the motion to vacate, which was granted by text order dated March 29, 2017.

Snoke filed a pro se Motion to Request Correction (ECF No. 39) on June 23, 2017.[3] In an Order dated August 1, 2017 (ECF No. 41), the Court notified Snoke that it intended to treat the motion as a petition for relief pursuant to 28 U.S.C. § 2255 unless Snoke indicated otherwise. Snoke responded by filing an amendment to his motion "construed as: petition for relief pursuant to 28

---

[2] The motion is dated June 14, 2016, and is deemed filed on that date. See Houston v. Lack, 487 U.S. 266, 270 (1988) (concluding that pleadings are deemed filed on the date prisoner relinquishes control over documents).

[3] See supra note 2.

2

U.S.C. § 2255." (Am. Mot. to Vacate 1, ECF No. 44.) The Government filed its objection (ECF No. 45) to the Amended Motion to Vacate on October 27, 2017. No hearing is necessary.

II. Discussion

Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The main thrust of Snoke's Amended Motion to Vacate is that his counsel was ineffective for failing to contest the inclusion of two Rhode Island state second degree robbery convictions for purposes of calculating his criminal history, which resulted in his designation as a career offender. (Am. Mot. to Vacate 2-38, ECF No. 44.) The Government argues that the Amended Motion to Vacate should be denied or dismissed for a number of reasons, including that it is untimely and that, in any event, it fails on the merits. (Gov't Resp. 2-6, ECF No. 45.) Because the Court finds that the Motion to Request Correction and the Amended Motion to Vacate are time-barred, it need not address the Government's other arguments. See Bucci v. United States, 809

3

F.3d 23, 28 (1st Cir. 2015)(noting that because petition was second or successive petition that did not meet requirements under 28 U.S.C. § 2255(h), court need not reach Government's alternative arguments).

Pursuant to 28 U.S.C. § 2255(f):

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Snoke's judgment was entered on March 26, 2013, and became final on April 9, 2013, when the time for filing a notice of appeal expired. See Fed. R. App. P. 4(b)(1)(A)(i) (providing that, in criminal case, defendant's notice of appeal must be filed within fourteen days of entry of judgment or order being appealed). The motion to request correction, which the Court treats as a motion

to vacate pursuant to § 2255, was not filed until June 23, 2017, well past the one-year limitation period.[4] Even if the Court were to calculate the limitation period from June 26, 2015, the date that Johnson v. United States, the case on which Snoke (again) appears to premise the majority of his arguments, was decided, the motion, as amended, would still be untimely by almost two years.[5] The time during which Snoke's earlier § 2255 motion was pending does not toll the limitation period. Cf. Duncan v. Walker, 533 U.S. 167, 181-82 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2)[6] and, therefore, did not toll the statutory limitation period).[7]

---

[4] For purposes of determining the timeliness of the motion to vacate, the Court uses the filing date of the earlier-filed Motion to Request Correction.

[5] The Court in no way implies that Johnson is applicable to Snoke's amended motion.

[6] Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

[7] Snoke does not argue that the limitation period should be equitably tolled, nor does the record reveal a basis for equitable tolling.

III. Conclusion

Snoke's Motion to Request Correction and Amended Motion to Vacate were not filed within the one-year statutory limitation period, and the Amended Motion to Vacate is, therefore, time-barred. See 28 U.S.C. § 2255(f). Accordingly, the Amended Motion to Vacate (ECF No. 44) is DENIED and DISMISSED. Snoke's Motion to Request Correction of Error (ECF No. 39) is DENIED as moot as a result of the filing of the Amended Motion to Vacate.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this case is not appropriate for the issuance of a certificate of appealability (COA) because Snoke has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. § 2253(c)(2).

Snoke is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See Rule 11(a), Rules Governing Section 2255 Proceedings.

IT IS SO ORDERED.

*/s/ W. E. Smith*

William E. Smith
Chief Judge
Date: December 11, 2017